**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4138

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GUSSENER SOVIA AUGUSTUS,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:22-cr-00030-TDS-1)

Submitted:  January 30, 2024                                    Decided:  February 5, 2024

Before KING, AGEE, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  J. Clark Fischer, RANDOLPH &  FISCHER, Winston-Salem, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Tracy M. Williams-Durham, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gussener Sovia Augustus pled guilty to possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).* The district court sentenced Augustus to 120 months of imprisonment after finding that the 18 U.S.C. § 3553(a) factors warranted an upward variance from the advisory Sentencing Guidelines range. Augustus appeals, arguing that his sentence is procedurally and substantively unreasonable. Finding no error, we affirm.

"We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard, regardless of 'whether [the sentence is] inside, just outside, or significantly outside the Guidelines range.'" *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). In performing that review, we first "evaluate procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence." *Nance*, 957 F.3d at 212. If "the district court has not committed procedural error," we then assess the substantive reasonableness of the sentence. *Id.*

---

* Section 924(a)(2) was amended and no longer provides the penalty for § 922(g) convictions; the new penalty provision in 18 U.S.C. § 924(a)(8) sets forth a statutory maximum sentence of 15 years' imprisonment for a § 922(g) offense. *See* Bipartisan Safer Communities Act, Pub. L. No. 117-159, § 12004(c), 136 Stat. 1313, 1329 (2022). The 15-year statutory maximum does not apply in this case, however, because Augustus committed his offense prior to the June 25, 2022, amendment of the statute.

We are satisfied that Augustus' sentence is procedurally reasonable. Augustus first contends that the district court erred in failing to consider a lesser departure from the Guidelines range, citing U.S. Sentencing Guidelines Manual § 4A1.3(a), p.s. (2021). However, the district court applied an upward variance pursuant to § 3553(a), and, accordingly, was not required to state whether a lesser departure from the Guidelines range was warranted. *Cf. United States v. McNeil*, 598 F. 3d 161, 166-67 (4th Cir. 2010) (discussing procedure when district court applies upward departure under Guidelines).

Augustus also argues that the district court imposed a substantively unreasonable sentence. "When considering the substantive reasonableness of a prison term, we examine the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3353(a)." *United States v. Arbaugh*, 951 F.3d 167, 176 (4th Cir. 2020) (brackets and internal quotation marks omitted). "Where, as here, the district court imposes a sentence outside of the Guidelines range, [we] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *United States v. Provance*, 944 F.3d 213, 217 (4th Cir. 2019). Though we consider the extent of the deviation, we also "give due deference to the district court's determination that the . . . § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* (internal quotation marks omitted). "The fact that we might have imposed a different sentence is insufficient to justify reversal of the district court." *Id.*

The district court, after considering the statutory factors and advisory Guidelines range of 57 to 71 months' imprisonment, determined that a 120-month sentence was

3

appropriate. The court thoroughly explained the reasons for this decision, citing the serious nature of the offense of conviction, as Augustus, a felon with an extensive criminal history, possessed a firearm, fentanyl, and items used for distribution of controlled substances when authorities located him to serve an arrest warrant for a drug charge. Augustus also had another firearm and items indicating drug distribution at his residence, and only a few months prior to his arrest, had been arrested for discharging a firearm in a parking lot. In addition, Augustus had acquired one of the firearms through a straw purchase as he was prohibited from possessing firearms because he was a felon. The court concluded that the circumstances of the offense demonstrated that Augustus had a complete disregard for the law.

The court also discussed Augustus' criminal history, noting that he had several prior convictions, beginning at the age of 16, that did not receive criminal history points due to their age. While many of those convictions were incurred when Augustus was young, he continued to engage in criminal behavior his entire adult life. In recounting Augustus' criminal history, the district court observed that Augustus had received several lenient sentences that had not deterred his criminal conduct and then received a very lengthy sentence for robbery with a dangerous weapon, among other charges. Augustus then engaged in the current criminal conduct within three years from his release from incarceration for those convictions. Moreover, many of Augustus' prior convictions involved the use of firearms and robbery.

Based on these factors, the district court concluded that Augustus was a dangerous individual with a firearm who was not deterred from criminal conduct by a prior significant

4

sentence. The court determined that the public needed to be protected from Augustus' further criminal offenses. Thus, although the court acknowledged Augustus' age and his efforts to earn a high school equivalence degree, the totality of the circumstances demonstrated that the 120-month sentence was sufficient but not greater than necessary to serve the statutory sentencing purposes. Based on the factors identified by the district court, we conclude that the sentence is substantively reasonable.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*